1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                          **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   KENNETH LEWIS,                              CASE NO. 06cv2475 WQH (NLS)
12                              Plaintiff,       **ORDER**
           vs.
13   MICHAEL J. ASTRUE, Commissioner,
     Social Security Administration,
14
                              Defendant.
15
HAYES, Judge:
16
        The matter before the Court is the Report and Recommendation (Doc. # 23) of
17
Magistrate Judge Nita L. Stormes.
18
                                    **Background**
19
        On November 19, 2003, Plaintiff applied to the Commissioner of Social Security for
20
Social Security Disability Benefits.  (Administrative Record ("AR") 18).  Plaintiff's
21
application for benefits listed Plaintiff's medical impairments as disc disease, neck and
22
back pain, and depression.  (AR 18).  Plaintiff alleged onset of disability as of April 8,
23
2002.  (AR 115).
24
        On March 23, 2004, the Commissioner denied Plaintiff's application for benefits.
25
(AR 27-31).  On July 21, 2004, the Commissioner denied Plaintiff's application on
26
reconsideration.  (AR 33-38).  Plaintiff thereafter requested a hearing before an
27
Administrative Law Judge ("ALJ"), which was held on July 27, 2005.  (AR 39, 410-450).
28
On October 28, 2005, the ALJ issued a written decision denying Plaintiff's application for

benefits.  (AR 18-24).  On September 8, 2006, the Appeals Council declined to review the ALJ's decision.  (AR 5-8).

On November 13, 2006, Plaintiff filed the present action challenging the ALJ's decision to deny benefits.  (Doc. # 1).  On January 29, 2008, after the parties filed cross-motions for summary judgment, Magistrate Judge Nita L. Stormes issued a Report and Recommendation recommending that this Court deny Plaintiff's motion for summary judgment (Doc. # 17), and grant Defendant's cross motion for summary judgment (Doc. # 20).  The Magistrate Judge concluded that the ALJ's conclusion that Plaintiff was able to work full time was supported by substantial evidence; that the hypothetical posed by the ALJ to the Vocational Expert ("VE") was complete; that the ALJ's findings regarding Plaintiff's mental limitations were supported by substantial evidence; that any discrepancy between the VE's testimony and the Dictionary of Occupational Titles ("DOT") is harmless error; and that the ALJ's decision not to give the lay witness testimony of Plaintiff's wife controlling weight was supported by substantial evidence.

On February 8, 2008, Plaintiff filed objections to the Report and Recommendation. (Doc. # 24).

## **Standard of Review**

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b).  The district judge "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b).  The district court need not review de novo those portions of a Report and Recommendation to which neither party objects.  *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* "[W]here evidence is susceptible to more than one rational interpretation," the ALJ's conclusion must be upheld. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005).

**<u>Discussion</u>**

**I.    Plaintiff's Objections to the Report and Recommendation**

Plaintiff objects to the Report and Recommendation on three grounds.  First, Plaintiff asserts that the Magistrate Judge incorrectly concluded that the ALJ's hypothetical to the VE was complete.  Second, Plaintiff asserts that Magistrate Judge incorrectly concluded that the ALJ's findings regarding Plaintiff's mental limitations were not supported by substantial evidence.  Third, Plaintiff asserts that the Magistrate Judge incorrectly concluded that any discrepancy between the VE's testimony and the DOT constituted harmless error.

A. <u>The ALJ's Hypothetical to the Vocational Expert</u>

Plaintiff contends that the Magistrate Judge mischaracterized the "difference between the ALJ's limitations in the hypothetical and the definition of light work according to the Code of Federal Regulations" when she stated in the Report and Recommendation that the "ALJ's hypothetical expressly included a restriction of work at the 'light' level." *Objections,* p. i-ii.  Plaintiff further contends that the ALJ's "actions" constitute reversible error because the "ALJ's hypothetical did not achieve the level of light work activity regardless of what the ALJ called it," and the "ALJ's disregard for the lifting requirements of light work and his desire to erase the definitive line creased by the Code of Federal Regulations has led to conflict in the record." *Id.* at ii-iii.

The Code of Federal Regulations ("CFR") defines "light" work to require the lifting and/or carrying of 20 pounds occasionally, and provides that to "be considered capable of performing a full or wide range of light work, you must have the ability to do substantially

all of these activities." 20 C.F.R. § 404.1567. The ALJ's hypothetical provided that Plaintiff was able to lift and/or carry no more than 15 pounds. The ALJ stated:

> Let me assume . . . that individual with the vocational profile you just outlined is restricted from continuous repetitive pushing or pulling with the right upper extremity. And that restricted from working at shoulder level or above with the right upper extremity. And lifting restriction is 15 pounds.

(AR 446). Based on this hypothetical, the VE testified that Plaintiff would be able to perform the jobs of information clerk, counter clerk and routing aide, which are classified as "light" work. (AR 449). The VE's testimony explicitly acknowledged Plaintiff's lifting restriction of 15 pounds. (AR 446). This Court finds that the VE's testimony constituted substantial evidence because the hypothetical posed by the ALJ reflected Plaintiff's limitations, including his lifting limitation of 15 pounds. *See De Lorme v. Sullivan,* 924 F.2d 841, 850 (9th Cir. 1991) (holding that an ALJ's hypothetical to a vocational expert must outline the limitations of a particular claimant in order to have evidentiary value). The Court finds that the ALJ properly relied on the VE's testimony to support his finding Plaintiff is able to perform the jobs of information clerk, counter clerk and routing aide. (AR 23-24). The Court further finds that the ALJ's findings are consistent with the CFR because even though the jobs of information clerk, counter clerk and routing aide are generally classified as "light" work, which pursuant to the CFR may involve "lifting no more than 20 pounds," the ALJ's finding that Plaintiff could perform the particular jobs of information clerk, counter clerk and routing aide reflected Plaintiff's lifting restriction of 15 pounds.

The Court has reviewed the ALJ's decision and the AR de novo, and concludes that the Magistrate Judge correctly concluded that the ALJ's hypothetical to the VE reflected Plaintiff's physical limitations, and that substantial evidence supports the ALJ's findings that "at least two categories of jobs are available to Plaintiff based on his restrictions." *See R&R,* p. 13.

B. The ALJ's Findings Regarding Plaintiff's Mental Limitations

Plaintiff contends that the Magistrate Judge incorrectly concluded that the ALJ's finding that Plaintiff could perform "detailed but noncomplex tasks" was supported by

substantial evidence.  Plaintiff contends that the ALJ incorrectly cited the Medical Expert ("ME") as opining that Plaintiff could perform "detailed but noncomplex tasks." *Objections,* p. vii-viii.  Plaintiff also contends that the ALJ failed to satisfy his duty of providing specific and legitimate reasons for rejecting the opinion of Plaintiff's treating doctor, Dr. Phillips, and instead improperly concluded that "substantial evidence in the record, namely, Dr. Amado's [non-treating physician] opinion and Dr. Rothberg's [non-treating physician] reasons for rejecting Dr. Phillips' opinion, support the ALJ's findings." *See R&R,* p. 15.

In his written decision, the ALJ found that Plaintiff "is limited to the performance of simple repetitive as well as detailed but noncomplex tasks in the competitive workplace." (AR 23).  The ALJ relied on the testimony of the ME, Dr. Jack Rothberg, who testified, "I don't think [Plaintiff] should be relegated to simple tasks.  He should be able to do more complex tasks," to support the ALJ's finding that Plaintiff is able to perform simple repetitive as well as detailed but noncomplex tasks.  (AR 23, 441).  After reviewing the ALJ's decision and the AR de novo, the Court finds that the Magistrate Judge correctly concluded that

> the ALJ's finding that Plaintiff's limitations may restrict him to 'detailed but noncomplex mental tasks' is not substantially different than the ME's opinion that Plaintiff 'should not be relegated to simple tasks [and that] he should be able to do more complex tasks.'  Both agree that Plaintiff can do more than simple tasks.  The ME's statement that Plaintiff could do 'more complex' tasks did not necessarily mean Plaintiff could do complex tasks, but could - as the ALJ found - do tasks that were more complex than just simple ones.

*R&R,* p. 14-15; *see Barnhart,* 400 F.3d at 679 (holding that "where evidence is susceptible to more than one rational interpretation" the ALJ's conclusion must be upheld).

Plaintiff's treating physician,[1] Dr. Phillips, gave Plaintiff a Global Assessment of Functioning ("GAF") score of 45, which Plaintiff contends supports his claim for benefits. (AR 345).  The ME testified that Dr. Phillips' report was internally inconsistent because the GAF score of 45 was inconsistent with Dr. Phillips' description of Plaintiff's mental status.

---

[1] The Court notes that Defendant agrees that Dr. Phillips is Plaintiff's treating physician. *Def's Mot. for Summary Judgment,* p. 11 ("[t]he opinions of Plaintiff's treating physician, Arthur Phillips, M.D. . . .").

1   (AR 436).  The Magistrate Judge found that "substantial evidence in the record, namely,

2   Dr. Amado's opinion and Dr. Rothberg's reasons for rejecting Dr. Phillips' opinion,

3   support the ALJ's findings" that Plaintiff could perform detailed but noncomplex tasks.

4   *R&R*, p. 15.  However, the Magistrate Judge's independent review of evidence in the record

5   is insufficient because the ALJ had a duty to provide "specific, legitimate reasons" for

6   rejecting the opinion of Plaintiff's treating physician.  *Andrews v. Shalala,* 53 F.3d 1035,

7   1041 (9th Cir. 1995) (holding that when "a nontreating source's opinion contradicts that of

8   the treating physician but is not based on independent clinical findings, or rests on clinical

9   findings also considered by the treating physician, the opinion of the treating physician may

10  be rejected only if the ALJ gives specific, legitimate reasons for doing so that are based on

11  substantial evidence in the record").  The ALJ's decision does not mention Dr. Phillips'

12  opinion.  The ALJ's failure to articulate "specific, legitimate reasons" for rejecting the

13  opinion of Plaintiff's treating physician constitutes legal error and requires this Court to

14  remand the case to the ALJ.  *See Wallace v. Apfel,* 2001 U.S. Dist. LEXIS 2571 (C.D. Cal.

15  2001) (remanding to allow the ALJ to delineate specific, legitimate reasons for

16  disregarding the opinion of the treating physician, even though the Commissioner proffered

17  reasons why the treating physician's opinion could be discounted by the ALJ).

18          The Court has reviewed the ALJ's decision and the AR de novo and concludes that

19  the Magistrate Judge correctly concluded that the ALJ's finding that Plaintiff "is limited to

20  the performance of simple repetitive as well as detailed but noncomplex tasks in the

21  competitive workplace" is supported by substantial evidence.  The Court further concludes

22  that the ALJ failed to give specific, legitimate reasons for rejecting the opinion of

23  Plaintiff's treating physician and will not adopt page 15, lines 14-16 of the Report and

24  Recommendation, which concludes that "[t]his Court finds that substantial evidence in the

25  record, namely, Dr. Amado's opinion and Dr. Rothberg's reasons for rejecting Dr. Phillips'

26  opinion, support the ALJ's findings," and page 14, lines 1-21 of the Report and

27  Recommendation, which provides authority and analysis to support this conclusion.  The

28  Court will remand the case to Social Security Administration.

C. <u>The Discrepancies between the Vocational Expert's Testimony and the DOT</u>

Plaintiff contends that the Magistrate Judge incorrectly concluded that any conflict between the DOT for the job of information clerk and the VE's testimony was harmless error on grounds that the VE identified two other jobs - counter clerk, DOT job 249.366-010, and routing aide, DOT job 239.687-010 - that Plaintiff was able to perform given his limitations. Plaintiff contends that he is unable to perform the jobs of counter clerk or routing aide given that he is restricted from working at or above the shoulder level with the right upper extremity, because both jobs require reaching and handling items in all directions, including at and above the shoulder level. Plaintiff contends that the ALJ had a duty to ask the VE to comment on the conflict between his testimony that Plaintiff was eligible to perform the jobs of routing aide and counter clerk and the DOT definitions of the jobs.

The VE testified that the jobs of counter clerk and routing aide have a strength rating of "light," an SVP level of "2," and a reasoning level of "2." (AR 449). Pursuant to the DOT, "light" work requires exerting "a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects," and "entails pushing and/or pulling." *See* DOT Appendix C. The VE based his testimony that Plaintiff was able to perform the jobs of counter clerk and routing aide on the ALJ's hypothetical, which stated that Plaintiff is "restricted from continuous repetitive pushing or pulling with the right upper extremity." (AR 446). Even though "light" work "entails pushing and/or pulling," which arguably includes pushing and/or pulling with the right upper extremity, the ALJ's finding that Plaintiff could perform the particular jobs of counter clerk and routing aide reflected that Plaintiff is restricted from pushing or pulling with the right upper extremity. The Court finds that the ALJ correctly concluded that Plaintiff was able to perform the jobs of counter clerk and routing aide. The Court also finds that there is no inconsistency between the VE's testimony and DOT definitions of counter clerk and routing aide because both define the jobs of counter clerk and routing aide to have a strength rating of "light," an SVP level of "2," and a reasoning level of "2." *See* AR 449;

1    DOT job 249.366-010; 239.687-010.

2         The Court has reviewed the ALJ's decision and the AR de novo and concludes that

3    there was no conflict between the VE's testimony that Plaintiff was able to perform the

4    jobs of counter clerk and routing aide given his physical limitations and the DOT

5    definitions of counter clerk and routing aide.  The Court further concludes that Magistrate

6    Judge correctly concluded the ALJ properly found that Plaintiff is eligible to perform the

7    jobs of routing aide and counter clerk given his physical limitations, including his inability

8    to use the right upper extremity at or above the shoulder level.

9    **II.      Portions of the Report and Recommendation without Objections**

10        Neither party objected to the Magistrate Judge's conclusions that substantial

11   evidence supports the ALJ's finding that Plaintiff was able to work full time and that

12   substantial evidence supports the ALJ's decision not to give the lay witness testimony of

13   Plaintiff's wife controlling weight.  *R&R,* p. 11, 16-17.  The Court has reviewed these

14   portions of the Report and Recommendation and concludes that the Magistrate Judge's

15   conclusions are correct.

16                                  **Conclusion**

17        The Court has reviewed the Report and Recommendation in its entirety and the

18   portions to which Plaintiff objected de novo. IT IS HEREBY ORDERED that the Report

19   and Recommendation (Doc. # 23) is **ADOPTED in part.**  Plaintiff's Motion for Summary

20   Judgment (Doc. # 17) is **GRANTED** and Defendant's Cross Motion for Summary

21   Judgment (Doc. # 20) is **DENIED.**  The Court **REMANDS** the case to the Social Security

22   Administration for further proceedings consistent with this Order.

23   DATED:  March 7, 2008

24                                       *William Q. Hayes*

25                                  **WILLIAM Q. HAYES**
                                    United States District Judge

26

27

28