# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KENNETH LEWIS, | CASE NO. 06cv2475-WQH-NLS |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are the Petition for Writ of Mandamus and for an Order to Show Cause Re: Contempt ("Petition") (Doc. # 32), and the Ex Parte Motion for Filing of Sur-Reply and Objections to Defendant's Sur-Reply ("Motion for Filing of Sur-Reply") (Doc. # 43), both filed by Plaintiff.

## I.   Background

On March 3, 2009, the Court issued an Order granting Plaintiff's application for fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. # 31). The Court stated: "The Court awards Plaintiff the requested fees of $13,586.00.... IT IS HEREBY ORDERED that the ... Application for Fees Pursuant to the Equal Access to Justice Act ... is GRANTED.... The Court awards $13,586.00 in attorney in fees [sic]." (Doc. # 31 at 5).

On August 11, 2009, Plaintiff filed the Petition. (Doc. # 32). Plaintiff attaches a letter received by Plaintiff's counsel on June 4, 2009 from the Office of the General Counsel of the Social Security Administration, which states:

> Dear Mr. Kenneth Lewis:
> The court in the above-captioned case has ordered the Social Security Administration to pay attorney fees in the amount of $13,586.00 under the Equal Access to Justice Act.... We are making payment to you in accordance with the court's order filed in the above-captioned case on March 4, 2009. Payment will follow shortly by check....

(Doc. # 32-2, Ex. B). Plaintiff contends that Defendant has failed to make the required payment:

> Pursuant to this Court's Order of March 3, 2009 granting Plaintiff's Motion for Attorneys Fees, Plaintiff is entitled to have attorney fees paid to her attorney, Mary Mitchell. Defendant owes Plaintiff a non-discretionary duty to have made payment in accordance with this Court's Order of March 3, 2009. Defendant has, without justification, failed to make such payment.

(Doc. # 32 at 9). Plaintiff requests that the Court do the following:

> 1. Assume jurisdiction in this matter;
> 2. Issue an Order directed to the Defendant to pay the attorney fees to Plaintiff's attorney within 72 hours;
> 3. Issue an Order to Show Cause compelling Social Security Regional Chief Counsel, Lucille G. Meis, and Assistant Regional Counsel/Special Assistant U.S. Attorney Roya Massoumi to appear and show cause why the Commissioner should not be found in contempt for their failure to effectuate payment of attorney fees to Plaintiff's attorney, Mary Mitchell, pursuant to the Court's Order;
> 4. Grant Plaintiff ... costs and additional attorney fees in this matter;
> 5. Grant Plaintiff ... such other and further relief as the Court deems just and proper.

(Doc. # 32 at 9-10).

On October 2, 2009, Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("SSA"), filed an opposition to the Petition.[1] (Doc. # 33). Defendant contends:

> Pursuant to the Court's March 3, 2009 Order, SSA certified payment of EAJA fees in the amount of $13,586.00 to Plaintiff, who was the 'prevailing party' in this action, and transmitted that information to the Treasury Department for payment. After the matter is transferred to the Treasury Department, it must proceed pursuant to its own governing statutes and regulations; SSA has no further involvement. Therefore, SSA satisfied its obligation in accordance with the Court Order. There are no grounds for the mandamus relief sought or for an Order to Show Cause.

(Doc. # 33 at 2). Defendant states that it "will not address any actions taken by the Treasury

---

[1] The opposition was not timely filed pursuant to the local rules. The Court finds that Defendant has demonstrated good cause for failing to timely file the opposition brief, *see* Doc. # 42 at 2, and the Court will consider the opposition as if it was timely filed. *See* Fed. R. Civ. P. 6(b) ("When an act ... must be done within a specified time, the court may, for good cause, extend the time....").

Department specific to Plaintiff's award, as they are beyond the scope of this response, and out of concern for Plaintiff's privacy rights." (Doc. # 33 at 4). However, Defendant states that "in the abstract," after payment is effectuated to the Treasury Department, "such payments become subject to Treasury Department governing statutes and regulations, including the offset provisions of the Debt Collection Act (for collection of nontax debts), and the Internal Revenue Code (for collection of tax debts)." (Doc. # 33 at 3-4). Defendant includes an affidavit from an SSA employee, which states:

> On June 16, 2009, the EAJA payment for Plaintiff Kenneth Lewis, in the amount of $13,586.00, was electronically transmitted to the Treasury Department.... SSA records do not, and would not, independently reflect whether the Treasury Department actually issued payment to Mr. Lewis, or whether payment was withheld or offset by the Treasury Department.

(Waters Decl. ¶¶ 9-10, Doc. # 33-1).

On October 17, 2009, Plaintiff filed a reply in support of the Petition. (Doc. # 37). Plaintiff contends:

> The unfortunate yet simple typographical error in which the final sentence of the Court's [March 3, 2009] Order read '....*in* attorney in fees.' instead of '...*to* attorney in fees.' does not detract from the intention of the order of the Court–i.e. that attorney fees be paid directly to Plaintiff's attorney as requested in Plaintiff's Motion for EAJA fees.

(Doc. # 37 at 5). Plaintiff contends that the application for EAJA fees requested that the "EAJA attorney fees ... be paid directly to Plaintiff's attorney and the Court subsequently granted Plaintiff's request without alteration." (Doc. # 37 at 3). Plaintiff further contends that Plaintiff executed a fee assignment clause directing the award of EAJA fees to be paid directly to Plaintiff's attorney. Plaintiff contends:

> Defendant transmitted documentation to the Department of the Treasury for payment of the EAJA payment to Plaintiff Kenneth Lewis without consideration of Plaintiff's fee assignment clause.... [A] valid fee assignment clause may protect an EAJA payment from offset if the debt arose after the effective date of the assignment in the case of a proper assignment of rights to the EAJA payment. In the present case there is a proper assignment of Plaintiff's rights to the EAJA payment. The assignment may protect the EAJA payment from offset if Plaintiff's debt arose after the date of the assignment. The analysis of the date of the assignment and the date of the Plaintiff's debt must be performed by the Department of the Treasury. This analysis did not occur as the only information that was transmitted to the Department of the Treasury by Defendant was that the EAJA payment was to be made to Plaintiff Kenneth Lewis.... Defendant may not evade responsibility for effectuating payment according to the Court's Order by submitting incomplete and incorrect information to the Department of

the Treasury.

(Doc. # 37 at 11-12).

On October 21, 2009, Defendant filed a sur-reply brief in opposition to the Petition. (Doc. # 42). Defendant contends:

> There is no statutory authority for the Commissioner to set aside any offset made by the Treasury or levy by another Federal agency, which are independent federal government agencies. If Plaintiff has an issue with any levy against his payment, then his recourse was to follow any instructions provided to him by Treasury and contact the appropriate Federal agency. The fact that Plaintiff's funds may have been intercepted by another Federal agency is a matter for Plaintiff to raise with Treasury and/or that agency. SSA cannot be held responsible for Plaintiff's outstanding debts.

(Doc. # 42 at 3).

On December 10, 2009, Plaintiff filed the Motion for Filing of Sur-Reply, with an attached sur-reply brief.[2] (Doc. # 43). Plaintiff objects that Defendant's sur-reply raised new issues not previously raised by Defendant. Plaintiff's counsel requests an additional $2,720 for time spent reviewing Defendant's sur-reply brief and preparing Plaintiff's sur-reply brief.

## II. Discussion

The EAJA provides:

> [A] court shall award to a *prevailing party* other than the United States fees and other expenses ... *incurred by that party* in any civil action..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). There is a split among the circuits on the issue of whether EAJA fees in social security cases are payable to the party or to the party's attorney. Four circuits have held that EAJA fees in social security cases are payable to the party, not the attorney. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 446-49 (6th Cir. 2009); *Stephens v. Astrue*, 565 F.3d 131, 135-39 (4th Cir. 2009); *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("[O]ur analysis begins and ends with the unambiguous text of the statute: The EAJA means what it says, attorney's fees are awarded to the prevailing party, not

---

[2] The Motion for Filing of Sur-Reply is granted. (Doc. # 43). When deciding the Petition, the Court considers the arguments raised in Plaintiff's sur-reply brief.

1   to the prevailing party's attorney."), *cert. denied*, --- U.S. ----, 129 S. Ct. 724 (2008); *Manning
2   v. Astrue*, 510 F.3d 1246, 1252-55 (10th Cir. 2007), *cert. denied*, --- U.S. ----, 129 S. Ct. 486
3   (2008).  One circuit has held that the EAJA fee award was payable to the attorney, not to the
4   party.  *See Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008).  In *Ratliff*, the Eighth Circuit
5   stated that it felt it was constrained by prior precedent, stating that had it considered the issue
6   in the first instance the Circuit "may well [have] agree[d] with our sister circuits and be
7   persuaded by a literal interpretation of the EAJA, providing that 'a court may award reasonable
8   fees and expenses of attorneys ... *to the prevailing party*.'"  *Id.* (citation omitted).  On
9   September 30, 2009, the Supreme Court granted certiorari in *Ratliff*.  *See Astrue v. Ratliff*, ---
10  U.S. ----, 130 S. Ct. 48 (2009).  Although the Ninth Circuit has not issued a published opinion
11  on the issue, in an unpublished opinion, the Ninth Circuit stated: "The request that the fees be
12  directly awarded to counsel is denied.  *See, e.g.*, *Reeves v. Astrue*, 526 F.3d 732 (11th
13  Cir.2008)."  *Lozano v. Astrue*, No. 06-15935, 2008 WL 5875572, at *1 (9th Cir., July 18,
14  2008).

15          This Court concludes that EAJA fee awards are payable "to [the] prevailing party," 28
16  U.S.C. § 2412(d)(1)(A), and not to the prevailing party's attorney.  "[B]ecause the EAJA
17  awards are payable to plaintiffs rather than to plaintiffs' counsel, those awards are subject to
18  administrative offset."  *Bryant*, 578 F.3d at 449; *see also Stephens*, 565 F.3d at 137 (same);
19  *Reeves*, 526 F.3d at 737-38 (same); *Manning*, 510 F.3d at 1255-56 (same).  "[T]he EAJA
20  award belongs to the plaintiff and not his counsel.  Since all federal payments are subject to
21  administrative offset unless explicitly excluded or prohibited by federal statute, and EAJA
22  awards are not explicitly excluded or prohibited by federal statute, EAJA awards are subject
23  to administrative offset."  *McCarty v. Astrue*, 505 F. Supp. 2d 624, 632 (N.D. Cal. 2007).

24          In the March 3, 2009 Order, the Court intended—consistent with the language of the
25  EAJA—to award *Plaintiff* $13,586.00 in fees, and not Plaintiff's *attorney*.  As the Court stated
26  in the Order: "The Court awards *Plaintiff* the requested fees of $13,586.00."  (Doc. # 31 at 5
27  (emphasis added)).  The Court amends the March 3, 2009 Order as follows: on page 5, line 23,
28  the sentence, "The Court awards $13,586.00 in attorney in fees," is hereby amended to read,

"The Court awards Plaintiff $13,586.00 in attorney fees."

Plaintiff has submitted evidence that Plaintiff executed a fee assignment clause directing the award of EAJA fees to be paid directly to Plaintiff's attorney. Plaintiff contends that Defendant had a duty to inform the Treasury Department of the existence of the fee assignment clause. Plaintiff cites no authority for this proposition.

Even if Defendant owed Plaintiff such a duty, Plaintiff has failed to demonstrate that he was prejudiced by Defendant's alleged failure to satisfy this duty. The federal offset regulations provide that "[i]f a person ... assigns the right to receive a Federal payment to a third party (the 'assignee'), the assigned payment will be subject to offset to ... collect delinquent debts owed by the assignor unless ... the debtor [(i.e. the assignor)] has properly assigned the right to such payments and the debt arose *after* the effective date of the assignment." 31 C.F.R. § 285.5(e)(6) (emphasis added). "In other words, if a plaintiff and attorney were to enter into a contract to assign statutory attorneys' fees to the attorney, and the plaintiff requested and received such fees, that fee payment would not be subject to administrative offset to satisfy the debts of the plaintiff if those debts arose after the assignment became effective. Even if plaintiff and [plaintiff's attorney] had contracted to assign plaintiff's right to the EAJA fees to [plaintiff's attorney], then, defendant could still offset payment to plaintiff based on plaintiff's prior federal debts." *Whitmore v. Astrue*, No. 06-5062, 2008 WL 276387, at *5 (N.D. Cal., Jan. 31, 2008). In this case, Plaintiff has not set forth any facts which would show that Defendant's alleged failure to inform the Treasury Department of the existence of the fee assignment clause prejudiced Plaintiff.

**III.   Conclusion**

IT IS HEREBY ORDERED that the Motion for Filing of Sur-Reply (Doc. # 43) is **GRANTED**, and the Petition for Writ of Mandamus and for an Order to Show Cause Re: Contempt (Doc. # 32) is **DENIED**.

DATED:  December 17, 2009

                                          **WILLIAM Q. HAYES**
                                          United States District Judge